UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LETHANIEL LEE MCCARTER, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 3:15-CV-0352 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

On August 20, 2018, the Court dismissed McCarter's petition for a writ of habeas corpus and entered final judgment. McCarter has filed several post-judgment motions.

First, McCarter filed objections (Dkt. 18) to the Court's order, which the Court construes as a timely motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). To warrant relief, a Rule 59(e) motion must show either a "manifest error of law or fact" or "newly discovered evidence" that warrant relief under Rule 59(e). *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). McCarter's filing does not meet this high burden. Instead, he raises arguments that were, or could have been, made before the judgment issued. His motion therefore will be denied.

Second, McCarter filed a motion for certificate of appealability (Dkt. 23). Because the Court's prior opinion (Dkt. 14) denied a certificate of appealability, this motion will be denied as moot.

Finally, McCarter filed subsequent objections (Dkt. 26) on October 30, 2018. Because the motion was filed outside the twenty-eight day period for relief under Rule 59(e), the Court construes the objections as a motion for relief under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Rule 60(b) is an uncommon means for relief, and "final judgments should not be lightly reopened." *Lowry Dev., L.L.C. v. Groves & Associates Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (internal citation, alteration, and quotation marks omitted). A Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). McCarter's filing makes arguments that are identical to those in his previously filed objections (Dkt. 18). As stated above, McCarter raises arguments that were or could have been raised before entry of judgment. His motion under Rule 60(b) therefore will also be denied.

For the reasons stated above, the Court **ORDERS** that the petitioner's objections (Dkt. 18) are **DENIED** under Rule 59(e). The petitioner's motion for certificate appealability (Dkt. 23) is **DENIED as moot**. The petitioner's subsequent objections (Dkt. 26) are **DENIED** under Rule 60(b).

The Clerk will send a copy of this order to the parties.

SIGNED at Galveston, Texas, this 13th day of November, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge